USCA Case No. 22-13916-AA

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

On Appeal from the United States District Court,
Middle District of Georgia
Case No. 4:21-CV-00217-CDL

---

*Jarrett Cudd, Plaintiff-Appellant,*
*v.*
*State Farm Mutual Automobile Insurance Company, Defendant-Appellee*

---

**REPLY BRIEF OF APPELLANT JARRETT CUDD**

FRANK M. LOWREY IV
Georgia Bar No. 410310
MICHAEL B. TERRY
Georgia Bar No. 702582
JOSHUA F. THORPE
Georgia Bar No. 710665
BONDURANT MIXSON
 & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100
lowrey@bmelaw.com
terry@bmelaw.com
thorpe@bmelaw.com

MARYBETH V. GIBSON
Georgia Bar No. 725834
THE FINLEY FIRM
3535 Piedmont Road, Bldg 14, Ste 230
Atlanta, GA 30305
(404) 320-9978
mgibson@thefinleyfirm.com

*Attorneys for Appellant Jarrett Cudd*

*Jarrett Cudd v. State Farm Mutual Automobile Insurance Company*
No. 22-13916-AA

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, the following is an alphabetical list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that are known to have an actual or potential interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, and any publicly held corporation that owns more than 10% of a party's stock, and other identifiable legal entities related to a party:

- 4eightyfive, LLC (DE) (related to State Farm)

- Alabama WMT, LLC (DE) (related to State Farm)

- Atlanta Hub One SFMM, LLC (related to State Farm)

- Atlanta Office Investment, LLC (DE) (related to State Farm)

- Atlanta Office Ph I, LLC (related to State Farm)

- Austin Jack, LLC (DE) (related to State Farm)

- BCS Office Investments One, LP (TX) (related to State Farm)

- BCS Office Investments Two, LP (TX) (related to State Farm)

- BlueOwl, LLC (DE) (related to State Farm)

- Centennial Jack II, LLC (DE) (related to State Farm)

*Jarrett Cudd v. State Farm Mutual Automobile Insurance Company*
No. 22-13916-AA

- Centennial Jack IV, LLC (DE) (related to State Farm)

- Centennial Jack V, LLC (DE) (related to State Farm)

- Centennial Mac Jack, LLC (related to State Farm)

- Centennial Park III, LLC (DE) (related to State Farm)

- City Lights on Fig, LP (CA) (related to State Farm)

- Cudd, Jarrett (Plaintiff/Appellant)

- Dallas A, LLC (DE) (related to State Farm)

- Dallas DC B, LLC (DE) (related to State Farm)

- Dallas Hub One SFGP, LLC (related to State Farm)

- Dallas Hub One SFLP, LLC (DE) (related to State Farm)

- Dallas Hub Two SFGP, LLC (DE) (related to State Farm)

- Dallas Hub Two SFLP, LLC, (DE) (related to State Farm)

- Diffley, Daniel F., Alston & Bird (Defendant/Appellee)

- Dover Bay Specialty Insurance Company (IL) (related to State Farm)

- DRT, LP, (CA) (related to State Farm)

- EMVLP, LLC (related to State Farm)

- Finley, J. Benjamin, The Finley Firm, P.C. (Counsel for Plaintiff/Appellant)

- Foreign Securities Trust No. 1 (IL) (related to State Farm)

*Jarrett Cudd v. State Farm Mutual Automobile Insurance Company*
No. 22-13916-AA

- Gibson, MaryBeth V., The Finley Firm, P.C. (Counsel for Plaintiff/Appellant)

- HiRoad Assurance Company (IL) (related to State Farm)

- Hoover Ross Bridge, LLC (DE) (related to State Farm)

- Idaho – Brockton, LP (CA) (related to State Farm)

- Idaho Pacific, LLC (DE) (related to State Farm)

- Insurance Placements Services, Inc. (IL) (related to State Farm)

- Irby, R. Brent, Irby Law, LLC (Counsel for Plaintiff/Appellant)

- Jackson, N. Nickolas, The Finley Firm, P.C. (Counsel for Plaintiff/Appellant)

- Kansas City Data Center D, LLC (DE) (related to State Farm)

- Land, Clay D. (U.S. District Court Judge, Middle District of Georgia)

- Lowrey, Frank M. IV, Bondurant Mixson & Elmore, LLP (Counsel for Appellant)

- Mountainbrook, LLC (DE) (related to State Farm)

- New Jersey Kimball, LLC (DE) (related to State Farm)

- Ogiesby Reinsurance Company (IL) (related to State Farm)

- Quintana, Melissa Guiselle, Alston & Bird (Counsel for Defendant/Appellee)

*Jarrett Cudd v. State Farm Mutual Automobile Insurance Company*
No. 22-13916-AA

- Reid, Kirkland E., The Finley Firm, P.C. (Counsel for Plaintiff/Appellant)

- RS Realty, LLC (IL) (related to State Farm)

- SF Risk Management Group, LLC (DE) (related to State Farm)

- SFCL, LLC (DE) (related to State Farm)

- SRL Portfolio, LLC (DE) (related to State Farm)

- State Farm Bank, FSB (IL) (related to State Farm)

- State Farm Companies Foundation (IL) (related to State Farm)

- State Farm Companies' Canadian Agent Termination Benefit Security Trust (CAN) (related to State Farm)

- State Farm Company (IL) (related to State Farm)

- State Farm County Mutual Insurance Company of Texas (TX) (related to State Farm)

- State Farm Emerging Market Equity Trust (IL) (related to State Farm)

- State Farm Equity and Bond Fund (DE) (related to State Farm)

- State Farm Equity Fund (DE) (related to State Farm)

- State Farm Fire and Casualty Company (IL) (related to State Farm)

- State Farm Florida Insurance Company (FL) (related to State Farm)

- State Farm General Insurance Company (IL) (related to State Farm)

- State Farm International Holding Company (DE) (related to State Farm)

*Jarrett Cudd v. State Farm Mutual Automobile Insurance Company*
No. 22-13916-AA

- State Farm International Index Fund (DE) (related to State Farm)

- State Farm International Services, Inc. (AZ) (related to State Farm)

- State Farm Investment Management Corp. (DE) (related to State Farm)

- State Farm Life and Accident Assurance Company (IL) (related to State Farm)

- State Farm Life Insurance Company (IL) (related to State Farm)

- State Farm Liquidity Pool LLC (DE) (related to State Farm)

- State Farm Lloyds, Inc. (TX) (related to State Farm)

- State Farm Mutual Automobile Insurance Company, Appellee

- State Farm Realty Investment Company (AZ) (related to State Farm)

- State Farm Small Cap Index Fund (DE) (related to State Farm)

- State Farm Small/Mid Cap Equity Fund (DE) (related to State Farm)

- Tempe Office Investment, LLC (DE) (related to State Farm)

- Terry, Michael B., Bondurant Mixson & Elmore, LLP (Counsel for Appellant)

- Thorpe, Joshua F., Bondurant Mixson & Elmore, LLP (Counsel for Appellant)

- Top Layer Reinsurance, Ltd. (BMU) (related to State Farm)

*Jarrett Cudd v. State Farm Mutual Automobile Insurance Company*
No. 22-13916-AA

Jarrett Cudd is an individual and does not have any publicly traded company or corporation to disclose.

The Certificate of Interested Persons that Appellee State Farm Mutual Automobile Insurance Company filed in the district court [Dkt. No. 13] states that Appellee does not have a parent corporation and does not have any shareholders, such that no stock is available for ownership by any publicly-held corporations or companies.

Accordingly, to the best of Appellant's knowledge, no publicly traded company or corporation has an interest in the outcome of the case or appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ....................................................C1

TABLE OF CONTENTS .........................................................................................i

TABLE OF CITATIONS ...................................................................................... iii

SUMMARY OF ARGUMENT ...............................................................................1

ARGUMENT AND CITATIONS OF AUTHORITY ..............................................3

    I.     The Appraisal Provision does not apply to the claims
          in the FAC. .......................................................................................3

          A.    The Georgia Supreme Court's binding decision
                 in *McGowan II* bars application of the Appraisal
                 Provision to the claims in the FAC. ...........................................3

          B.    Decisions applying *McGowan II* confirm that it
                 controls here. .................................................................................6

          C.    By its own terms, the Appraisal Provision does not
                 apply to the claims in the FAC. ...................................................8

          D.    If the Appraisal Provision applied to the claims
                 in the FAC, it would be unenforceable in this
                 action under Georgia law invalidating arbitration
                 provisions in insurance contracts and pre-dispute
                 waivers of the right to jury trial. ...............................................13

    II.    The Appraisal Provision is not a condition precedent to
          the filing of this suit. .........................................................................14

          A.    The district court's ruling violates Georgia law
                 concerning conditions precedent...............................................14

          B.    This Court's unpublished decision in *Moore* does
                 not apply here..............................................................................18

#3526593v1

III.    The Appraisal Provision is not a basis to dismiss this properly
        filed suit. ............................................................................... 18

IV.    Cudd has stated a claim for unjust enrichment. ................................. 24

V.     Cudd has standing to assert the claims in the FAC. ........................... 25

VI.    This Court should reverse the entry of judgment. ............................. 26

CONCLUSION ........................................................................................ 26

CERTIFICATE OF COMPLIANCE ........................................................ 27

CERTIFICATE OF SERVICE ................................................................. 28

#3526593v1

# TABLE OF CITATIONS

*Anderson v. Am. Family Ins. Co.,*
      2016 WL 3633349 (M.D. Ga. June 29, 2016) ................................6, 7, 8, 18

*Baskin v. Ga. Dep't of Corr.,*
      272 Ga. App. 355, 612 S.E.2d 565 (2005) ....................................................23

*Bettor v. Esurance Prop. & Cas. Ins. Co.,*
      2019 WL 2245564 (S.D. Fla. Mar. 28, 2019) .............................................8

*Bloomgarden v. Allstate Fire & Cas. Ins. Co.,*
      2019 WL 2245475 (S.D. Fla. Mar. 15, 2019) .............................................8

*Choate Constr. Co. v. Ideal Elec. Contractors,*
      246 Ga. App. 626, 541 S.E.2d 435 (2000) ...........................................15, 18

*Clippinger v. State Farm Mutual Automobile Insurance Co.,*
      2021 WL 4887984 (W.D. Tenn. Oct. 19, 2021)
         (*"Clippinger I"*)...................................................................................12, 17

*Clippinger v. State Farm Mutual Automobile Insurance Co.,*
      2022 WL 17592417 (W.D. Tenn. Sept. 26, 2022)
         (*"Clippinger II"*)..................................................................................12, 20

*EEOC v. Eastern Airlines, Inc.,*
      736 F.2d 635 (11th Cir. 1984) ....................................................................22

*Envision Printing, LLC v. Evans,*
      336 Ga. App. 635, 786 S.E.2d 250 (2016) ...................................................23

*Ewing v. GEICO Indemnity Co.,*
      2020 WL 5995589 (M.D. Ga. Oct. 9, 2020) ...................................6, 7, 8, 18

*Galindo v. ARI Mut. Ins. Co.,*
      203 F.3d 771, 776 (11th Cir. 2000)............................................................13

*Gen. Steel, Inc. v. Delta Bldg Sys., Inc.,*
      297 Ga. App. 136, 676 S.E.2d 451 (2009)............................................15, 18

#3526593v1

*Goldenberg v. Murphy,*
   108 U.S. 162 (1883) ......................................................................22

*Goldstein v. Home Depot U.S.A., Inc.,*
   609 F. Supp.2d 1340 (N.D. Ga. 2009) .........................................24

*Harris v. Garner,*
   216 F.3d 970 (11th Cir. 2000) ......................................21, 22, 23

*Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.,*
   690 F.3d 1216 (11th Cir. 2012) ...................................................25

*Hoffman v. Blaski,*
   363 U.S. 335 (1960) ......................................................................22

*Hurst v. Grange Mut. Cas. Co.,*
   266 Ga. 712, 470 S.E.2d 659 (1996) ...........................................23

*Inform Inc. v. Google LLC,*
   2022 WL 3703958 (11th Cir. Aug. 26, 2022) ..............................25

*Johnson v. American Family Insurance Co.,*
   2023 WL 2733674 (W.D. Wis. Mar. 31, 2023) ...........................20

*McGowan v. Progressive Preferred Insurance Co.,*
   281 Ga. 169, 637 S.E.2d 27 (2006) (*"McGowan II"*) ...........................*passim*

*Milligan v. CCC Info. Servs. Inc.,*
   920 F.3d 146 (2d Cir. 2019) ...................................................8, 13

*Moore v. Travelers,*
   321 F. App'x 911 (11th Cir. 2009)...............................................18

*Nichols v. State Farm Mutual Automobile Insurance Co.,*
   2022 WL 6671695 (S.D. Ohio Oct. 11, 2022) ....................*passim*

*Osprey Cover Real Estate, LLC v. Towerview Constr., LLC,*
   343 Ga. App. 436, 808 S.E.2d 425 (2017) ..................................25

iv

*Phillips v. Garrison Prop. & Cas.*,
    2020 U.S. Dist. LEXIS 104094
    (N.D. Ala. May 12, 2020) ................................................................ 8

*Relf v. State Farm Mutual Automobile Insurance Co.*,
    2019 WL 2552770 (M.D. Ga. June 20, 2019) ...................................... 12, 13

*Rooks v. Tenet Health Sys. GB, Inc.*,
    292 Ga. App. 477, 664 S.E.2d 861 (2008) ................................................22

*TerraTherm, Inc. v. Wood Env't & Infrastructure Sols., Inc.*,
    No. 1:19-cv-02863, 2020 WL 13543817
    (N.D. Ga. Jan. 28, 2020) ................................................................26

*Tidikis v. Network for Medical Communications & Research LLC*,
    274 Ga. App. 807, 619 S.E.2d 481 (2005) ................................................24

*Wesley Chapel Foot & Ankle Ctr. v. Johnson*,
    286 Ga. App. 881, 650 S.E.2d 387 (2007) ................................................23

*Wiggins v. State Farm Mutual Automobile Insurance Co.*,
    2022 WL 2276556 (D.S.C. June 23, 2022) ...................................... 12, 17, 20

*Williams Service Group, LLC v. National Union Fire Insurance Co.*,
    495 F. App'x 1 (11th Cir. 2012) ...................................................... 15, 18

*Wright v. GEICO Cas. Co.*,
    2021 WL 4429190 (M.D. La. Sept. 27, 2021) ........................................8, 11

*Yai v. Progressive Bayside Insurance Co.*,
    2009 WL 2885099 (N.D. Ga. Aug. 31, 2009) ...................................... 13, 17, 18

<u>Other:</u>

Fed. R. Civ. P. 8(d) ................................................................................25

O.C.G.A § 9-11-3(a) ..............................................................................22

O.C.G.A § 13-6-11 ................................................................................25

Black's Law Dictionary (6th ed. 1990) ..........................................................22

#3526593v1

## SUMMARY OF ARGUMENT

State Farm cannot justify the district court's erroneous dismissal of Jarrett Cudd's First Amended Complaint ("FAC"). The FAC asserts a claim that State Farm's systematic practice of applying a typical negotiation deduction to total loss claims breaches the company's standard Georgia auto insurance policy ("Policy"). Under binding Georgia law and the language of the Appraisal Provision, that claim is not subject to appraisal or dismissal.

State Farm does not and cannot explain how Cudd's claim differs from the breach of contract claim in *McGowan v. Progressive Preferred Insurance Co.*, 281 Ga. 169, 637 S.E.2d 27 (2006) ("*McGowan II*"), which the Georgia Supreme Court held was not subject to appraisal. Nor does State Farm explain how Cudd's claim challenging a systematic practice affecting all total loss determinations in Georgia is subject to appraisal under a provision that permits appraisers to decide "only" the "actual cash value of the covered vehicle." Doc. 17-1 (Policy) at 30 (emphasis omitted).[1] State Farm further fails to explain how Cudd's claim, which turns on the meaning of the Policy under Georgia law, is subject to appraisal under a provision that bars appraisers from "decid[ing] any questions of law." *Id.*

State Farm simply repeats, over and over, that the parties disagree about the

---

[1] All page references are to ECF pagination.

#3526593v1

actual cash value of Cudd's vehicle and wishfully declares that Cudd's assertion of a claim that goes *beyond* the actual cash value of that vehicle is "irrelevant." Appellee's Br. at 29. But the assertion of such a claim is *dispositive* of this appeal: Under *McGowan II* and the language of the Appraisal Provision, that claim is not subject to appraisal and thus the district court had no basis to dismiss it.

Even the parties' disagreement about the actual cash value of Cudd's vehicle is not subject to appraisal. The parties' sole disagreement about the actual cash value of that vehicle concerns a *question of law*—whether the Policy permits State Farm to apply a typical negotiation deduction. As noted above, questions of law are not subject to appraisal.

But even if the Policy requires an appraisal of the actual cash value of Cudd's vehicle (it doesn't), that is still no basis for dismissal of the FAC. First, Cudd was not required to go through such an appraisal *before* filing the FAC. The Appraisal Provision expressly requires a "written request" to trigger an appraisal, and no such request had been made when Cudd filed suit. Doc. 17-1 at 30. The Appraisal Provision does *not* contain the condition precedent the district court invented, and Georgia law barred the district court from writing in that condition. Cudd was entitled to file the FAC without an appraisal; his decision to do so did not violate the Policy and is not a basis for dismissal.

Second, State Farm's *post-suit* demand for an appraisal of the actual cash

2

value of Cudd's vehicle is also no basis for dismissal. Even if such an appraisal was required (again, it is not), *McGowan II* expressly holds that an appraisal of the actual cash value of an insured's vehicle cannot eliminate claims such as those in the FAC. While Georgia law controls, numerous decisions from around the country also hold that an appraisal of the actual cash value of a vehicle cannot eliminate a typical negotiation deduction claim. *Infra* at 20 (citing cases).

State Farm may not use its (inapplicable) Appraisal Provision to immunize its typical negotiation deduction practice from scrutiny.

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.    The Appraisal Provision does not apply to the claims in the FAC.**

**A.    The Georgia Supreme Court's binding decision in *McGowan II* bars application of the Appraisal Provision to the claims in the FAC.**

State Farm does not attempt to defend the district court's erroneous conclusion that *McGowan II* is inapposite because it supposedly involves only tort claims. *McGowan II* in fact involves a breach of contract claim just like the breach of contract claim here. Appellant's Br. at 32-35.

As discussed below, State Farm also does not dispute that (1) *McGowan II* holds that appraisal provisions do not apply to claims that go beyond the actual cash value of a covered vehicle or (2) the FAC contains such claims. Instead, State Farm boldly declares that these two facts do not matter. Appellee's Br. at 28-29

(arguing that whether Appraisal Provision applies to "broader issues" alleged in FAC "is ultimately irrelevant to the order entered by the District Court"). But these facts are dispositive. The district court had no basis to dismiss claims that are not subject to the Appraisal Provision.

First, State Farm concedes, as it must, that *McGowan II* holds that appraisal provisions do not apply to claims that go beyond the actual cash value of a covered vehicle. *Id.* at 30 ("[t]he Georgia Supreme Court simply concluded the insurance contract's appraisal clause could not 'reach beyond the mere actual cash value of [the insured's] vehicle'") (citation omitted). *McGowan II* holds that "issues that go beyond mere diminished value or actual cash value of the lost property cannot be resolved or rendered moot by the appraisal process," and that "an appraisal clause…cannot be invoked to resolve broader issues of liability." 281 Ga. at 172, 637 S.E.2d at 29 (citation omitted).

State Farm wrongly implies that these holdings are inapposite because *McGowan II* reverses a ruling on mootness. But these holdings rule directly on whether an appraisal provision applies to claims that go beyond the actual cash value of a covered vehicle. The *reason* the appraisal process conducted in *McGowan II* did not moot the insured's claims was that State Farm's appraisal provision did not apply to those claims. That is why the Georgia Supreme Court reversed the grant of State Farm's motion to dismiss.

#3526593v1

Second, State Farm does not and cannot dispute that the FAC contains claims that go beyond the actual cash value of Cudd's vehicle.  State Farm cannot dispute this point because (a) the FAC's claim that State Farm systematically breaches a standard policy by applying a baseless typical negotiation deduction is materially the same as the *McGowan II* plaintiff's claim that State Farm systematically breached a standard policy by applying baseless condition deductions, and (b) *McGowan II* holds that such a claim goes beyond actual cash value.  Appellant's Br. at 28-32.  *McGowan II* held that the plaintiff's claims, including for breach of contract, "involve *more than just the actual cash value of her car*," that "this case does *not* involve a good faith dispute over what State Farm needed to pay [plaintiff] for her totaled vehicle, but an alleged pre-existing scheme between State Farm and CCC to ensure that no one would be properly paid under State Farm's insurance contracts," and that "the issues raised here reach *beyond the mere actual cash value of [plaintiff's] vehicle*."  281 Ga. at 172, 637 S.E.2d at 29 (emphasis added) (citations omitted).  The same is true here.

Third, the fact that the FAC asserts claims that, under *McGowan II*, go beyond the actual cash value of Cudd's vehicle and are not subject to appraisal is dispositive of this appeal.  The district court *dismissed* the FAC, and the question is whether it had a basis to do so.  The binding decision in *McGowan II* establishes that the claims in the FAC are not subject to appraisal and that the district court

5

thus had no basis to dismiss them.

State Farm's discussion of *McGowan II* simply ignores the critical question of whether the district court had a basis to *dismiss* the FAC. State Farm argues that the parties disagree about the actual cash value of Cudd's vehicle, and that the Policy requires Cudd to submit to an appraisal of the actual cash value of that vehicle. But that is an (erroneous) argument that the district court should have compelled an appraisal of the actual cash value of the vehicle (which the district court did not do, and State Farm does not complain about on appeal). That argument does not justify *dismissal* of the FAC and specifically does not justify dismissal of claims that go *beyond* the actual cash value of the vehicle and are *not* subject to appraisal. In short, the argument ignores *McGowan II*.

### B.    Decisions applying *McGowan II* confirm that it controls here.

*McGowan II* applies here on its face. But *Ewing v. GEICO Indemnity Co.*, 2020 WL 5995589 (M.D. Ga. Oct. 9, 2020), and *Anderson v. American Family Insurance Co.*, 2016 WL 3633349 (M.D. Ga. June 29, 2016), confirm that *McGowan II* requires denial of State Farm's motion to dismiss. Those decisions recognize that under *McGowan II*, appraisal provisions do not apply to claims that an insurer's systematic practices for determining loss constitute a breach of contract.

State Farm fails to distinguish *Ewing* or *Anderson*. It argues that these

6

decisions involve disputes over coverage, but "[t]he dispute here is entirely different because State Farm does not dispute Plaintiff's total loss is covered under the Policy." Appellee's Br. at 32. That attempted distinction does not work. Like State Farm, the insurers in *Ewing* and *Anderson* did not dispute that the insureds had suffered covered losses. In *Ewing*, as here, GEICO deemed the insureds' vehicles total losses and paid what it considered "[a]ctual cash value." 2020 WL 5995589, at *1. In *Anderson*, AFIC paid the amount it deemed the "cost to repair" a covered physical loss. 2016 WL 3633349, at *1.

State Farm also says that "unlike the insureds in" *Ewing* and *Anderson*, Cudd "directly challenges the actual cash value amount paid by State Farm—not State Farm's determination of coverage under the Policy." Appellee's Br. at 32. That's not true either. The insureds in *Ewing* and *Anderson* directly challenged the amount of the actual cash value (*Ewing*) and cost to repair (*Anderson*) the insurers paid. *Ewing*, 2020 WL 5995589, at *1 (plaintiff "claims that the final payment tendered to her included neither the applicable TAVT [title ad valorem tax], which amounted to $1,248.87, nor the license plate transfer fee, which amounted to $5.00") (citation omitted); *Anderson*, 2016 WL 3633349, at *1 (plaintiff claims defendants breached contract by "failing to pay" him for "diminution in value") (citation omitted).

Like those insureds, Cudd challenges an insurer's practices for determining

7

loss.  In *Ewing*, the dispute was whether "GEICO'[s] practice[]" of excluding the categories of TAVT, title transfer fees, and license plate transfer fees from determinations of actual cash value breached the policy.  2020 WL 5995589, at *2. In *Anderson*, the dispute was whether AFIC breached the policy by excluding the category of diminished value from cost to repair.  Each decision holds that, under *McGowan II*, the dispute is not subject to appraisal.

The same is true here, where the dispute is whether State Farm's practice of applying a typical negotiation deduction in determining actual cash value breaches the Policy.  Whether that dispute is characterized as being about coverage, value, or something else, *McGowan II*, *Ewing*, and *Anderson* establish that, under Georgia law, it is not subject to appraisal.[2]

**C.     By its own terms, the Appraisal Provision does not apply to the claims in the FAC.**

The plain language of the Appraisal Provision does not apply to the claims in the FAC.  That Provision states that "appraisers shall *only* determine the actual

---

[2] The cases State Farm cites on the applicability of the Appraisal Provision (*Phillips*, *Bettor*, and *Bloomgarden*) involve Alabama and Florida law and conflict with *McGowan II*.  They also conflict with the laws of other jurisdictions.  *See, e.g.*, *Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 154 (2d Cir. 2019) (New York law) (questions of "how to define the amount of loss also present legal questions of contract interpretation" and are not subject to appraisal); *Wright v. GEICO Cas. Co.*, 2021 WL 4429190 (M.D. La. Sept. 27, 2021) (Louisiana law) (quoted *infra*).

8

cash value of the covered vehicle" and "shall have no authority to…decide any questions of law."  Doc. 17-1 at 30 (emphasis modified).  State Farm does not dispute that the FAC presents (1) claims that go *beyond* "the actual cash value of the covered vehicle," and (2) "questions of law."  *Id.* (emphasis omitted).  The legal questions include whether State Farm's practice of applying a typical negotiation deduction breaches the terms of the Policy or constitutes unjust enrichment.  Appellant's Br. at 38-40.

Rather than grapple with the language quoted above, State Farm repeats its mantra that the parties disagree about the actual cash value of the covered vehicle.  That mantra gets State Farm nowhere.

First, *McGowan II* establishes that the claims in the FAC do *not* constitute a dispute over the actual cash value of the covered vehicle.  Like Cudd, the plaintiff in *McGowan II* alleged that State Farm failed to pay the actual cash value of her vehicle.  Despite that allegation, the Georgia Supreme Court held that "this case does *not* involve a good faith dispute over what State Farm needed to pay [plaintiff] for her totaled vehicle, but an alleged pre-existing scheme between State Farm and CCC to ensure that no one would be properly paid under State Farm's insurance contracts."  *McGowan II*, 281 Ga. at 172, 637 S.E.2d at 29 (emphasis added).  The same is true here, except that State Farm's challenged practice involves Audatex.  The Georgia Supreme Court recognized what State Farm does

9

not: An allegation that an insurer did not pay the actual cash value of a covered vehicle does not mean that the insured's legal claim constitutes a dispute about the actual cash value of that vehicle.[3]

Second, even if *McGowan II* did not exist and even if the FAC *did* raise a dispute about the actual cash value of the covered vehicle, it would be undisputed that the FAC *also* raises claims that go *beyond* the actual cash value of that vehicle—such as whether State Farm's practice of applying a typical negotiation deduction breaches the terms of the Policy. State Farm never explains how the Appraisal Provision can apply to claims that go beyond the actual cash value of a covered vehicle. The Provision expressly limits appraisers to determining "only" the "actual cash value of the covered vehicle." Doc. 17-1 at 30 (emphasis omitted). Nor does State Farm explain how the Appraisal Provision could warrant the dismissal of claims to which it does not apply.

Third, even if the FAC *did* raise a dispute about the actual cash value of the covered vehicle, that dispute presents a *question of law*. The only dispute Cudd

---

[3] State Farm says Cudd's argument that "while the subject of [his] claim is actual cash value, the substance of his claim is a matter that is not subject to appraisal," Appellant's Br. at 25, is "a manufactured distinction without a difference." Appellee's Br. at 24. But it is the same distinction *McGowan II* draws. The Georgia Supreme Court recognized that the *McGowan II* plaintiff's claims involved the actual cash value of her car, but also recognized that the substance of those claims was a matter not subject to appraisal.

10

raises about State Farm's determination of the actual cash value of his vehicle is the argument that the Policy does not permit State Farm to apply a typical negotiation deduction. That dispute turns on the meaning of the Policy terms, including the phrase "actual cash value," and presents a question of law that is not subject to appraisal. *See supra* n.2 and *Wright*, 2021 WL 4429190, at *9 ("disagree[ment] about the meaning of the terms 'loss' and 'actual cash value' under the Policy" is "a question of contract interpretation, not contemplated by the appraisal clause").

Indeed, *Nichols v. State Farm Mutual Automobile Insurance Co.*, 2022 WL 6671695 (S.D. Ohio Oct. 11, 2022), which denied State Farm's motion to dismiss or to compel an appraisal, expressly holds that a typical negotiation deduction claim presents a question of law. Appellant's Br. at 40 (quoting *Nichols*). State Farm acknowledges *Nichols* in a footnote, Appellee's Br. at 42 n.6, but fails to distinguish the decision or to answer its holding that a typical negotiation deduction claim presents a question of law.

State Farm first notes that *Nichols* applies Ohio law, but makes no showing that Ohio law differs from Georgia law. *Nichols* reaches the same result as the Georgia law decision in *McGowan II*—both cases hold that an appraisal provision does not apply to a claim that State Farm's systematic practice for determining actual cash value constitutes a breach of contract.

11

State Farm next characterizes *Nichols* as an "outlier," *id.*, on the basis that it purportedly conflicts with *two* other decisions, *Clippinger v. State Farm Mutual Automobile Insurance Co.*, 2021 WL 4887984 (W.D. Tenn. Oct. 19, 2021) ("*Clippinger I*"), and *Wiggins v. State Farm Mutual Automobile Insurance Co.*, 2022 WL 2276556 (D.S.C. June 23, 2022). But there is no material conflict. In *Clippinger I*, the district court did compel an appraisal of the actual cash value of the covered vehicle, but it *denied* State Farm's motion for summary judgment on the insured's typical negotiation deduction claim. Then, in *Clippinger v. State Farm Mutual Automobile Insurance Co.*, 2022 WL 17592417 (W.D. Tenn. Sept. 26, 2022) ("*Clippinger II*"), the same court held that the appraisal of the actual cash value of the vehicle did *not* affect the insured's typical negotiation deduction claim and *denied* State Farm's renewed bid for summary judgment. The net of the *Clippinger* decisions is the same as *Nichols*—the appraisal provision does not warrant dismissal of a typical negotiation deduction claim. The same goes for *Wiggins.* There, the district court also compelled an appraisal, but also denied State Farm's motion to dismiss the insured's typical negotiation deduction claim. 2022 WL 2276556, at *4.[4]

---

[4] State Farm's suggestion of a conflict between *Nichols* and *Relf v. State Farm Mutual Automobile Insurance Co.*, 2019 WL 2552770 (M.D. Ga. June 20, 2019), is meritless. *Relf* contains a single mention of appraisal in dicta and is not a typical negotiation deduction case. Further, *Relf* involved the type of challenge that

12

**D.** **If the Appraisal Provision applied to the claims in the FAC, it would be unenforceable in this action under Georgia law invalidating arbitration provisions in insurance contracts and pre-dispute waivers of the right to jury trial.**

State Farm's position concerning the conflict between the district court's ruling and Georgia arbitration and pre-dispute waiver law is non-responsive. State Farm argues that under Georgia law, appraisal provisions may apply to disputes about the actual cash value of a covered vehicle.

First, that argument does not explain how or why a provision mandating a binding appraisal of the actual cash value of a vehicle is anything other than an arbitration provision or a pre-dispute waiver of the right to a jury trial—neither of which is permissible in Georgia. Appellant's Br. at 41-43; *see Milligan*, 920 F.3d at 152 (appraisal provision constitutes arbitration provision); *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 776 (11th Cir. 2000) (same) (Florida law). *Yai v. Progressive Bayside Insurance Co.*, 2009 WL 2885099 (N.D. Ga. Aug. 31, 2009), which State Farm cites, offers no explanation for its conclusory statement that an appraisal provision is not an arbitration provision.

Second, State Farm ignores what the district court did here. The district

---

Nichols and Cudd do not make. The insured in *Relf* challenged the amount of a dollar figure specific to the condition of his car. *Id.* at *3 (objecting to "$298.77 condition adjustment [that] was made because the condition of [his] vehicle scored 2.81 compared to a 3.02 for a typical vehicle"). By contrast, Cudd and Nichols challenge State Farm's right to use a typical negotiation deduction at all.

13

court dismissed a complaint containing claims that go *beyond* the issue of actual cash value—and it did so on the basis that the Appraisal Provision applies to those claims. *McGowan II* expressly holds that "invok[ing] an appraisal clause" to apply to issues that go "beyond the issue of value" is "impermissible" because it is "tantamount to converting the appraisal clause into an arbitration clause." 281 Ga. at 172, 637 S.E.2d at 29 (citations omitted). Thus, the district court's order violates Georgia arbitration law.

## II. The Appraisal Provision is not a condition precedent to the filing of this suit.

As discussed above, the Appraisal Provision cannot justify the dismissal of this action because it does not apply to the claims in the FAC. But even if it did apply, it is not a condition precedent to the filing of this action.

### A. The district court's ruling violates Georgia law concerning conditions precedent.

State Farm runs from the district court's actual condition precedent ruling. The district court held that pursuant to the Appraisal Provision, "providing State Farm with a meaningful opportunity to invoke the appraisal process before filing suit is a condition precedent to filing this action." Doc. 29 at 6. State Farm makes almost no attempt to defend that untenable ruling and instead attempts to shift the focus to the Compliance Provision, which states, "Legal action may not be brought against us until there has been full compliance with all the provisions of this

14

policy." Doc. 17-1 at 44 (emphasis omitted). That sleight-of-hand does not work. The Appraisal Provision did *not* require Cudd to give State Farm an opportunity to invoke the appraisal process before he filed suit, and so he was in "full compliance with" the Policy when he brought this action. *Id.*

First, State Farm cannot dispute that the words of the condition precedent the district court invented do not appear in the Appraisal Provision. The words "meaningful," "opportunity," "before filing," "suit," and "condition precedent" are not there. The district court simply wrote them in. State Farm also cannot dispute that Georgia law disfavors conditions precedent and bars courts from creating conditions that are not found in the words of a contract. Appellant's Br. at 45-49.

State Farm misses the mark in attempting to distinguish *Choate Construction Co. v. Ideal Electrical Contractors*, 246 Ga. App. 626, 541 S.E.2d 435 (2000), *General Steel, Inc. v. Delta Building Systems, Inc.*, 297 Ga. App. 136, 676 S.E.2d 451 (2009), and *Williams Service Group, LLC v. National Union Fire Insurance Co.*, 495 F. App'x 1 (11th Cir. 2012). State Farm says these decisions do not apply because the Compliance Provision sets forth "the consequences of failing to comply with Policy conditions, like appraisal." Appellee's Br. at 41. But *Choate*, *General Steel*, and *Williams* establish that the condition precedent the district court invented *does not exist in the first place* because it is not contained in the language of the Appraisal Provision and Georgia law precluded the district

15

court from writing it in. Specifically, the Appraisal Provision contains no condition requiring Cudd to give State Farm an opportunity to invoke appraisal, and thus Cudd did not violate "the provisions of this policy" by filing suit. Doc. 17-1 at 44.

As the drafter of the Policy, State Farm easily could have set forth a requirement that an insured give it notice of a disagreement about the actual cash value of a vehicle and an opportunity to invoke appraisal. But it did not do so, despite drafting other provisions that require insureds to give notice of various events. *See, e.g.,* Doc 17-1 at 37 (requiring insured to give "Notice to Us of an Accident or Loss"); *id.* at 38 (requiring "Notice to Us of a Claim or Lawsuit").

Second, State Farm concedes that words of condition are required to create conditions precedent, Appellee's Br. at 34, but it does not contend that the Appraisal Provision (as distinct from the Compliance Provision) contains relevant words of condition. No conditional language in the Appraisal Provision refers to either an opportunity to invoke appraisal or the filing of a lawsuit. Appellant's Br. at 46 n.4. Thus, the Provision does not create the condition precedent the district court announced.

Third, State Farm has no answer to the fact that the Appraisal Provision it drafted expressly requires a "written request" to trigger an insured's obligation to submit to an appraisal. Doc. 17-1 at 30. State Farm makes the utterly false claim

16

that this "language is nowhere in the Policy." Appellee's Br. at 36. But the Appraisal Provision states, "If there is disagreement as to the actual cash value of the covered vehicle, then the disagreement will be resolved by appraisal *upon written request* of the owner or us…." Doc. 17-1 at 30 (emphasis modified). The Provision unambiguously requires a written request to trigger an appraisal, and it is undisputed that no such request was made before Cudd filed suit. Thus, under the plain language of the Provision, Cudd was *not* required to go through an appraisal before he filed suit. And because there was no "request" for an "appraisal in writing" before Cudd filed suit, "there is no evidence that [his] failure to seek an appraisal before suing violated [the Compliance Provision]." *Clippinger I*, 2021 WL 4887984, at *12.

*Clippinger I*, *Wiggins*, and *Nichols* all hold—in typical negotiation deduction actions—that State Farm's appraisal provision is *not* a condition precedent where there is no pre-suit written request for an appraisal. Appellant's Br. at 46-47.

In sum, the Appraisal Provision *does* say that State Farm must make a written request to trigger an appraisal; it does *not* say that an insured must give

17

State Farm an opportunity to invoke appraisal before filing suit.[5]

### B.    This Court's unpublished decision in *Moore* does not apply here.

State Farm fails to rebut Cudd's showing that the non-binding decision in

*Moore v. Travelers*, 321 F. App'x 911 (11th Cir. 2009), conflicts with Georgia law.

Appellant's Br. at 51-53.  State Farm cites district court cases that apply Alabama

and Florida law and cite *Moore*.  But Georgia law controls here, and as discussed

above, Georgia law establishes that (1) Cudd's claims go beyond the actual cash

value of the covered vehicle and are *not* subject to appraisal (*McGowan II*, *Ewing*,

*Anderson*), and (2) State Farm's Appraisal Provision did *not* create a condition

precedent requiring Cudd to go through an appraisal before filing suit (*Choate*,

*General Steel*, *Williams*).

Moreover, neither *Moore* nor the cases State Farm cites involve an appraisal

provision, like State Farm's here, that expressly bars appraisers from deciding

questions of law.

### III.    The Appraisal Provision is not a basis to dismiss this properly filed suit.

The district court dismissed this action on the basis that Cudd supposedly

---

[5] *Yai* is inapposite.  The appraisal provision there did not require a written request
(or preclude appraisers from deciding questions of law); the Court did not rule that
the provision was a condition precedent (or discuss Georgia condition precedent
law); and the defendant *did* make a pre-suit demand for an appraisal.  Further, *Yai*
dismissed a complaint because the plaintiff did "not "alleg[e] a recognizable
breach of contract claim."  2009 WL 2885099, at *3.

18

was not allowed to file suit because he did not comply with a condition precedent. As discussed above, that ruling was erroneous, and Cudd was allowed to file this action. The district court did *not* rule that if Cudd properly filed suit, State Farm's post-suit demand for an appraisal would justify dismissal.

State Farm does not address the impact of a *properly filed* complaint, but it does repeat over and over its argument that the parties disagree about the actual cash value of Cudd's vehicle and that the Policy requires an appraisal of the actual cash value of that vehicle. So, it is important to explain why that argument cannot justify dismissal of the properly filed FAC.

First, *McGowan II* forecloses State Farm's argument. Under that binding decision, the claims in the FAC go beyond the actual cash value of Cudd's vehicle and cannot be resolved or eliminated by an appraisal of the actual cash value of that vehicle. Just as the appraisal of the actual cash value of the insured's vehicle in *McGowan II* did not warrant dismissal of her claim that State Farm's systematic condition deduction practices breached the Policy, an appraisal of the actual cash value of Cudd's vehicle would not warrant dismissal of his claim that State Farm's systematic typical negotiation deduction practice breaches the Policy.

Second, putting *McGowan II* aside, the plain language of the Appraisal Provision does not permit appraisers to decide claims that go beyond the actual cash value of the covered vehicle. *Supra* at 8-10. The claims in the FAC go

beyond the actual cash value of the covered vehicle, and thus they may not be dismissed based on the demanded appraisal.

Third, the plain language of the Appraisal Provision also does not permit appraisers to resolve questions of law. *Supra* at 8-11. The claims in the FAC raise questions of law, and so, again, the demanded appraisal is not a basis for dismissing them.

Fourth, *Clippinger II*, *Wiggins*, and *Nichols* all hold that an appraisal of the actual cash value of a covered vehicle, pursuant to a post-suit demand, is not a basis for dismissing a typical negotiation deduction claim. Appellant's Br. at 40, 54-57. So does *Johnson v. American Family Insurance Co.*, 2023 WL 2733674, at *10 (W.D. Wis. Mar. 31, 2023), which holds, "Plaintiffs allege that defendants intentionally lowballed insureds by applying a baseless reduction to the value of the comparable vehicles used to calculate the ACV. Ordering appraisal would not resolve the underlying dispute about whether such conduct amounts to breach of the express or implied contract between the parties."[6] As in *McGowan II*, an appraisal of the actual cash value of an insured's vehicle cannot resolve or eliminate a claim that an insurer's practice of applying a baseless deduction

---

[6] In dicta, *Johnson* discusses the potential effect of a compliance provision. 2023 WL 2733674, at *9. As discussed below, the Compliance Provision in the Policy is not a basis for dismissal of the FAC.

constitutes a breach of contract.

Fifth, the Compliance Provision is not a basis for dismissing Cudd's properly filed action. Cudd's rejection of State Farm's post-suit demand that he submit to (and pay for) an appraisal of the actual cash value of his vehicle is not a failure to comply with any provision in the Policy. As discussed above, the Appraisal Provision does not require the demanded appraisal because the parties' sole disagreement about the actual cash value of Cudd's vehicle concerns a question of law that appraisers may not decide.

But even assuming *arguendo* that Cudd's rejection of State Farm's post-suit demand for an appraisal did constitute a failure to comply with the Appraisal Provision, the Compliance Provision would not be a basis for dismissal of the FAC. The Compliance Provision purports to bar only the filing of an action, not the maintenance of an action that was properly filed in the first instance. (Again, Cudd's action was properly filed because no condition precedent required him to go through an appraisal before suing). The language State Farm drafted states, "Legal action may not be *brought* against us until there has been full compliance with all the provisions of this policy." Doc. 17-1 at 44 (emphasis modified).

This Court and the Supreme Court have repeatedly held that language referring to an action being "brought" refers only to the filing of a lawsuit and not to its maintenance. *Harris v. Garner,* 216 F.3d 970 (11th Cir. 2000), addresses

21

language stating, "'No federal civil action may be brought by a prisoner

confined…,'" and "the load-bearing word is 'brought,' a derivative of the verb

'bring' in the third person singular, passive voice." *Id.* at 973.  This Court held:

> The dispositive question is whether "bring" means to commence or start a
> lawsuit, or instead means to maintain or continue it to conclusion.
>
> The standard legal dictionary answers that question as follows: "To 'bring'
> an action or suit has a settled customary meaning at law, and refers to the
> initiation of legal proceedings in a suit."  Black's Law Dictionary 192 (6th
> ed. 1990).  That is the generally accepted meaning of the term, and this is
> not the first time we have had occasion to say so.

*Id.* (other citation omitted); *id.* (citing *EEOC v. Eastern Airlines, Inc.,* 736 F.2d

635, 639 (11th Cir. 1984), for the holding that "the words 'to bring' mean only 'to

commence,' rather than to 'commence or maintain'") (citation omitted).  *Harris*

notes that "[t]he Supreme Court has reached an identical conclusion about the

meaning of 'bring' and 'brought,'" and cites *Hoffman v. Blaski,* 363 U.S. 335, 341

(1960), for the holding that "interpreting 'might have been brought' to refer to

anything other than the time the lawsuit was filed would 'do violence to the plain

words' of the statute."  *Id.*; *id.* at 974 (citing *Goldenberg v. Murphy,* 108 U.S. 162,

163 (1883), for the holding that "[a] suit is brought when in law it is commenced").

*Harris* concludes that it is "well established that *'brought' and 'bring' refer to the*

*filing or commencement of a lawsuit, not to its continuation*."  *Id.* (emphasis

added).

22

Georgia law is in accord.  *Rooks v. Tenet Health Sys. GB, Inc.*, 292 Ga. App. 477, 481, 664 S.E.2d 861, 865 (2008) ("under OCGA § 9–11–3(a), a civil 'action' is 'brought' when a plaintiff files a complaint against a defendant, thus initiating legal proceedings"); *Wesley Chapel Foot & Ankle Ctr. v. Johnson,* 286 Ga. App. 881, 883, 650 S.E.2d 387, 389 (2007) (same); *Baskin v. Ga. Dep't of Corr.*, 272 Ga. App. 355, 359, 612 S.E.2d 565, 569 (2005) (following *Harris*).

Thus, the plain language of the Compliance Provision purports to bar only the *filing* of a lawsuit when an insured does not comply with the Policy before suing.  That language does not bar the *maintenance* of a lawsuit that was, as here, properly filed in the first instance.  *See Nichols*, 2022 WL 6671695, at *4 (post-suit "request for an appraisal did not retroactively impose a condition precedent to Nichols suit").

Cudd's construction of the Compliance Provision would govern even if an alternate construction were possible.  Under Georgia law, "if a contract is capable of being construed two ways, it will be construed against the preparer and in favor of the non-preparer."  *Envision Printing, LLC v. Evans*, 336 Ga. App. 635, 639, 786 S.E.2d 250, 253 (2016) (citations omitted).  The case law cited above establishes that the Compliance Provision is more than "capable of being construed" to mean that it applies only to the filing of a lawsuit.  Thus, it *must* be construed that way.  *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716, 470 S.E.2d

23

659, 663 (1996) (contract "susceptible of two" constructions "will be construed strictly against the insurer/drafter and in favor of the insured") (citation omitted).

## IV.    Cudd has stated a claim for unjust enrichment.

*Tidikis v. Network for Medical Communications & Research LLC*, 274 Ga. App. 807, 619 S.E.2d 481 (2005), cited by State Farm, demonstrates why the dismissal of Cudd's unjust enrichment claim was erroneous. *Tidikis* holds that an unjust enrichment claim is "an alternative theory of recovery if a contract claim fails." *Id.* at 811, 619 S.E.2d at 485. The decision finds that this alternative theory does not apply where "any benefit conferred on the defendants was triggered by a provision in the contract" that "neither [the plaintiff] nor the defendants challenge." *Id.*

Here, it is possible that a court or jury could find, over Cudd's objection, that the contract does not address whether State Farm may apply a typical negotiation deduction. In that case, Cudd's breach of contract claim would fail, and unjust enrichment would be a viable "alternative theory of recovery" because the "benefit conferred on [State Farm]"—the amount of the typical negotiation deduction— would *not* be "triggered by a provision in the contract." *Id.* Thus, Cudd's alternative unjust enrichment claim may not be dismissed now.

State Farm's argument that a contract exists does not negate the possibility that a court or jury would find that the contract does not "govern[] the subject of

24

the dispute," to quote another case State Farm cites. *Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp.2d 1340, 1347 (N.D. Ga. 2009). State Farm ignores Georgia law holding that "if the factfinder concludes that [State Farm] did not breach any express contract, questions of fact would exist as to whether [State Farm] is liable under the alternative theory." *Osprey Cove Real Estate, LLC v. Towerview Constr., LLC*, 343 Ga. App. 436, 443, 808 S.E.2d 425, 431 (2017) (citation omitted).

State Farm also ignores this Court's recognition, in *Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*, 690 F.3d 1216, 1227-28 (11th Cir. 2012), that Georgia permits alternative pleading, and Federal Rule 8(d)'s endorsement of alternative pleading. *See Nichols*, 2022 WL 6671695, at *4 (rejecting State Farm's motion to dismiss unjust enrichment claim).

## V.    Cudd has standing to assert the claims in the FAC.

State Farm abandons the standing argument it made below. As set forth in Appellants' Br. at 59-67, Cudd has standing to assert the claims in the FAC.[7]

---

[7] The district court did not rule on the alternative arguments State Farm raises concerning Cudd's claims for a declaratory judgment and attorneys' fees. This Court should not rule on those arguments in the first instance. *Inform Inc. v. Google LLC*, 2022 WL 3703958, at *6 (11th Cir. Aug. 26, 2022) (citing cases). In any event, State Farm's arguments are wrong for the reasons stated in Cudd's opposition to the motion to dismiss. Doc. 26 at 22, 24. The declaratory judgment claim is not duplicative, and State Farm's bad faith in applying a baseless deduction warrants attorneys' fees under O.C.G.A. § 13-6-11.

**VI.    This Court should reverse the entry of judgment.**

The district court had no basis for entering judgment in State Farm's favor, Appellant's Br. at 67-68, and State Farm does not identify one.  Instead, State Farm, citing *two* (un-appealed) cases, claims that district courts "routinely" enter judgment in favor of defendants when dismissing actions without prejudice.  Appellee's Br. at 45.  In one of those two cases, the court did *not* enter judgment in favor of the defendant.  *TerraTherm, Inc. v. Wood Env't & Infrastructure Sols., Inc.*, No. 1:19-cv-02863, 2020 WL 13543817, at *6 (N.D. Ga. Jan. 28, 2020) ("Judgment" (Doc. 30 on PACER) simply dismisses action and is not in favor of defendant).  In any case, permitting such an unjustified practice to continue would result only in courts and litigants having to address erroneous res judicata claims following dismissals without prejudice.

## CONCLUSION

This Court should reverse the dismissal and judgment in this action.

26

Respectfully submitted this 24th day of May, 2023.

*/s/ Frank M. Lowrey IV*

| | |
|---|---|
| Michael B. Terry | MaryBeth V. Gibson |
| Georgia Bar No. 702582 | Georgia Bar No. 725843 |
| terry@bmelaw.com | mgibson@thefinleyfirm.com |
| Frank M. Lowrey IV | **THE FINLEY FIRM, P.C.** |
| Georgia Bar No. 410310 | 200 13th Street |
| lowrey@bmelaw.com | Columbus, Georgia 31901 |
| Joshua F. Thorpe | Telephone: (706) 322-6226 |
| Georgia Bar No. 710665 | Facsimile: (706) 322-6221 |
| thorpe@bmelaw.com | |

**BONDURANT MIXSON &**
 **ELMORE, LLP**
1201 West Peachtree St. NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

*Attorneys for Appellant Jarrett Cudd*

Signature Page

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this brief contains a total of 6,390 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (f) and 11th Cir. R. 32-4.

This brief also complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on May 24, 2023.

*/s/ Frank M. Lowrey IV*

Certificate of Compliance Page

## CERTIFICATE OF SERVICE

I hereby certify that, on the date this certificate was signed, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

Dated: May 24, 2023.

*/s/ Frank M. Lowrey IV*
Frank M. Lowrey IV
Georgia Bar No. 410310
*lowrey@bmelaw.com*